109 F.3d 846
 154 L.R.R.M. (BNA) 2762
 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Ron Carey, as IBT
General President, John Metz, as Appointed Trustee
of Local Union Number 714, Plaintiffs-Appellees,
United States of America, Appellee,
v.
TEAMSTERS LOCAL UNION 714, MACHINERY SCRAP IRON, METAL AND
STEEL CHAUFFEURS, William T. Hogan, Jr., James M.
Hogan, Robert A. Hogan, and Marshall
Arrington, Defendants-Appellants.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS and James Buck, as
Trustee of Local Union Number 745, affiliated with
the International Brotherhood of
Teamsters, Plaintiffs-Appellees,
United States of America, Appellee,
v.
LOCAL UNION 745, affiliated with the International
Brotherhood of Teamsters, T.C. Stone, Charles E. Rogers,
Clarence Knowles, Forrest Tyson Johnson, Allen Standford,
Michael Kline, and Gill Johnson, Defendants-Appellants.
 No. 892, Dockets 96-6235, 96-9103.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 13, 1996.
Decided March 17, 1997.
 
 Anthony DiSarro, New York City (Winston & Strawn; Dan K. Webb and Peter C. McCabe, III, Winston & Strawn, Chicago, IL, of counsel), for Defendants-Appellants Teamsters Local 714, Teamsters Local 745, and Individually Named Defendants-Appellants.
 (James L. Hicks, Jr., Dallas, TX (Hicks & Associates, P.C., of counsel)), for Defendant-Appellant Teamsters Local 745 and Individually Named Defendants-Appellants in No. 96-9103.
 (Marvin Gittler, Chicago, IL (Asher, Gittler, Greenfield, Cohen & D'Alba, Ltd., of counsel)), for Defendant-Appellant Teamsters Local 714 and Individually Named Officer Appellants in No. 96-6235.
 Beth E. Goldman, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney, Marla Alhadeff, Assistant United States Attorney, of counsel), for Appellee United States of America.
 Richard M. Seltzer, New York City (Dominique T. Bravo, Cohen, Weiss and Simon; Judith A. Scott, General Counsel, Earl V. Brown, Jr., Associate General Counsel, IBT Legal Department, Washington, DC, of counsel), for Plaintiffs-Appellees in Nos. 96-6235 and -9103.
 Before OAKES, McLAUGHLIN, and CABRANES, Circuit Judges.
 PER CURIAM.
 
 
 1
 Orders of the United States District Court for the Southern District of New York, David N. Edelstein, Judge, dated August 22, 1996, and August 29, 1996, enjoined Local Unions 745 and 714 of the International Brotherhood of Teamsters (the "Locals") to cooperate with the emergency trusteeship imposed upon them by their parent union, and to refrain from challenging the trusteeships in any other court. The Locals appeal these injunctions. We have jurisdiction under 28 U.S.C. § 1292(a)(1). The only serious issue raised in these appeals is the assertion by the district court of exclusive jurisdiction over these actions. We readily conclude that the decision to enjoin the Locals to cooperate with the trusteeships was not an abuse of discretion.
 
 Background
 
 2
 These appeals, like numerous others in the recent past, arise out of the action filed in 1988 by the United States ("the Government") under the civil remedies provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1964, against, inter alia, the International Brotherhood of Teamsters ("the IBT"). On March 14, 1989, Judge Edelstein approved a consent decree resolving the Government's claims against the IBT. In the first phase of the program set up by the decree, three officers were appointed by the court to investigate corruption and other misconduct and to supervise remedial actions. Following the union's first direct election, the officers were replaced by an Independent Review Board ("IRB") which continued the process of investigation and reform. The district court retained exclusive jurisdiction over matters arising under the consent decree.
 
 
 3
 The IRB is empowered by the consent decree to investigate allegations of corruption in the IBT. The IRB prepares investigative reports concerning various matters including recommendations that any IBT affiliated body be placed in trusteeship. The reports, which are given to the appropriate IBT entity, set deadlines of up to 90 days for the union to respond. The IRB retains authority to supervise the IBT's resolution of the matters raised by the reports. Rules of the IRB reserve "exclusive jurisdiction to decide any and all issues relating to the purpose, operation, and authority of the IRB and the interpretation of [the IRB] Rules" to the United States District Court for the Southern District of New York.
 
 
 4
 Following entry of the consent decree, the Government sought an order under the All Writs Act, 28 U.S.C. § 1651(a), enjoining all IBT members and affiliates from litigating issues arising under the consent decree in any forum other than the Southern District of New York. On January 17, 1990, the district court issued such an injunction, which was affirmed by this court. United States v. Int'l Bhd. of Teamsters, 728 F.Supp. 1032 (S.D.N.Y.), aff'd, 907 F.2d 277 (2d Cir.1990) ("All Writs Order ").
 
 The Local 745 Action
 
 5
 On August 5, 1996, the IRB issued a report to IBT President Carey, detailing wrongdoing at IBT Local 745 in Dallas, Texas, and recommending that the IBT impose a trusteeship over the Local. The report discussed illegal loans, nepotism, favoritism in work assignments, and conflicts of interest arising from business dealings between union officers and Local 745 employers. The IRB requested a written report from the union setting forth actions planned in accordance with the board's recommendations.
 
 
 6
 On August 20, IBT President Carey imposed an emergency trusteeship upon Local 745. The Local's officers resisted the trusteeship, and on August 21 the IBT filed an application in the Southern District of New York, seeking a declaratory judgment that the emergency trusteeship was an appropriate response to the IRB recommendation. The IBT also filed a complaint seeking declaratory and injunctive relief enforcing the terms of the trusteeship. The district court entered a temporary restraining order pending a hearing on the IBT's motion.
 
 
 7
 Also on August 21, Local 745 filed an action in the Northern District of Texas and moved for a temporary restraining order enjoining the imposition of the trusteeship. The district court in Texas denied the motion pending receipt of responsive papers from the IBT. A second motion brought by the Local, seeking an injunction preventing the IBT from taking any action against the Local until the Texas court ruled on the motion for a temporary restraining order, was also denied. On August 27, following the order of the New York court discussed next, the district court in Texas denied the application for a temporary restraining order.
 
 
 8
 On August 22, 1996, the district court in the Southern District of New York conducted a hearing on the IBT's motion for a preliminary injunction. From the bench, the court granted a two-part injunction (1) enforcing the trusteeship, and (2) enjoining Local 745 from pursuing any legal action in connection with the trusteeship in any other court. This oral order was followed by an Amended Opinion and Order dated August 30, 1996. Local 745 appeals the injunctions.
 
 The Local 714 Action
 
 9
 The IRB, on August 5, 1996, had also presented a report to IBT President Carey, detailing wrongdoing at IBT Local 714 in Berwyn, Illinois, and recommending that the Local be placed in trusteeship. The allegations included favoritism, the admission of ineligible individuals as members, and the existence of sham contracts. The IRB asked for a response from the IBT within two weeks.
 
 
 10
 Three days after the receipt of the report, President Carey imposed an emergency trusteeship upon Local 714. That same day, the IBT brought an action in the Northern District of Illinois seeking an injunction requiring the Local to cooperate with the trusteeship. A temporary restraining order issued on August 9, 1996.
 
 
 11
 On August 23, 1996, the district court in the Southern District of New York ordered the case transferred, and enjoined IBT from pursuing the Local 714 action in any other court. The court in the Northern District of Illinois promptly transferred the matter to New York. Local 714 then moved to dismiss or, in the alternative, retransfer the action. The Local further claimed that the preliminary injunction should be denied because the IBT was unlikely to succeed on its claims. In an Opinion and Order dated August 29, 1996, the district court denied the motion to dismiss or retransfer, and granted the preliminary injunction sought by the IBT. Local 714 appeals this decision. By order of this court, the appeals of Locals 714 and 745 were consolidated on September 13, 1996.
 
 Exclusive Jurisdiction
 
 12
 We affirm the decisions below on a single issue without establishing a general jurisdictional rule applicable to any legal action in which a subordinate entity challenges the IBT's imposition of remedial measures in the wake of a recommendation from the IRB.
 
 
 13
 The appellants raise specific challenges to the IRB reports recommending that President Carey impose trusteeships. For example, the complaint filed by Local 745 in the Northern District of Texas stated that the actions of the IRB are "tainted by their open support of Carey." Similarly, Local 714 made it plain before the court in the Northern District of Illinois that the substance of the IRB report was in question. Papers offered in support of the Local's motion to dissolve the temporary restraining order included detailed rebuttal of the findings of the IRB. In light of these specific challenges to the substance of the IRB reports, we believe that the district court properly exercised exclusive jurisdiction.
 
 
 14
 The 1990 All Writs Order, 728 F.Supp. at 1039-40 n. 5, 1058, prevented:
 
 
 15
 entities affiliated with the IBT ... from filing or taking any legal action that challenges, impedes, seeks review of or relief from ... any act of any of the court officers appointed by this Court pursuant to the Consent Order in this action, in any court or forum in any jurisdiction except this Court....
 
 
 16
 If the present actions were brought against court-appointed officers, they would fall within the scope of this injunction because they "seek[ ] review" of action taken pursuant to the consent decree. The IRB is not, however, appointed by the court,[1] and the 1990 order, by its terms, applies only to officers "appointed by this Court." The question is whether this makes any difference as to the district court's authority under the All Writs Act.
 
 
 17
 Our previous decisions in this litigation have established that the district court may assert exclusive jurisdiction over challenges to, and disputes concerning the meaning of, the consent decree. All Writs Order, 907 F.2d at 280 (2d Cir.1990); see Ass'n for Retarded Citizens of Conn., Inc. v. Thorne, 30 F.3d 367, 371-73 (2d Cir.1994) (discussing IBT litigation cases), cert. denied, 513 U.S. 1079, 115 S.Ct. 727, 130 L.Ed.2d 631 (1995). As a decision of the district court which we recently affirmed explained, "[f]or the ... IRB to function effectively, it is imperative that a single set of cohesive rulings defines such fundamental issues as the scope of the Consent Decree and the propriety of actions taken by officers appointed pursuant to the Consent Decree." United States v. Int'l Bhd. of Teamsters, 911 F.Supp. 743, 749 (S.D.N.Y.) (emphasis added), aff'd, 96 F.3d 653 (2d Cir.1996) (per curiam).
 
 
 18
 Both of the present appeals challenge "the propriety of actions" taken pursuant to the consent decree. The Locals have demonstrated that they intend to contest IRB findings and to question the impartiality of the IRB. Such allegations go to the legitimacy of the reform process established by the consent decree in the underlying RICO action, thereby making these actions the proper concern of the district court that is supervising litigation under the decree.
 
 
 19
 We reiterate that today's holding is narrow: we do not lay down a general jurisdictional rule for challenges to IBT actions taken after recommendations from the IRB; that question is reserved for another day. We hold only that when, as here, such legal actions challenge the findings of the IRB or its underlying fairness, the district court has exclusive jurisdiction under the consent decree and the All Writs Act, as within the intention of the case last above cited and quoted.
 
 The Injunctions
 
 20
 We review a district court's decision to grant or deny a preliminary injunction for an abuse of discretion, Int'l Bhd. of Teamsters v. Local Union 810, 19 F.3d 786, 789 (2d Cir.1994) ("Local 810 "), which, as we often reiterate, " 'is not boundless and must be exercised within the applicable rules of law or equity.' " Henry J. Friendly, Indiscretion about Discretion, 31 Emory L.J. 747, 777 (1982) (quoting Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193 (4th Cir.1977)). Abuse of discretion usually consists of reliance upon clearly erroneous findings of fact or the application of an incorrect legal standard. Chemical Bank v. Haseotes, 13 F.3d 569, 573 (2d Cir.1994). Here, the district court was easily within the scope of its authority in drawing the conclusion that President Carey believed emergencies warranting immediate action existed in both Locals.
 
 
 21
 Our decision in Local 810 explained that, to obtain a preliminary injunction, a parent union needs to demonstrate a likelihood of success on the merits of its claim of right to impose the trusteeship and irreparable harm if trusteeship is not imposed, at which point the burden shifts to the Local to show upon clear and convincing proof that the trusteeship was not imposed in accordance with the procedural requirements of the union constitution, or that the parent organization imposed the trusteeship without good faith or a statutorily authorized purpose. Local 810, 19 F.3d at 792-94. As explained in that decision, the constitution and bylaws of the IBT give its president the power to impose an emergency, temporary trusteeship if he or she believes that such action is necessary to correct corruption. Id. at 792-93.
 
 
 22
 The IBT's papers present ample support with respect to both Locals for President Carey's actions. The IRB reports disclosed fresh allegations of wrongdoing and corruption at both Locals, including favoritism, serious conflicts of interest, and, in the case of Local 745, improper loans. Much of the alleged misconduct was ongoing at the time the trusteeships were imposed. Accordingly, the IBT has demonstrated a likelihood of success on the merits. As we recognized in Local 810, allegations of financial misconduct or undemocratic practices irreparably harm the IBT because they "test the allegiance of union members to their [elected] leaders." Local 810, 19 F.3d at 794. The Locals have not shown bad faith on the part of President Carey, much less done so with clear and convincing proof. The district court's decision to issue the preliminary injunction was therefore proper.
 
 Conclusion
 
 23
 The decisions of the district court are affirmed.
 
 
 
 [1]
 One of the IRB's members is appointed by the Attorney General of the United States, the second by the IBT, and the third by the designees of the IBT and of the Attorney General